## Case No. 8,239b.

### LEMMONS v. FLANAKIN.

[Hempst. 32.] [1]

Superior Court, Territory of Arkansas. Oct., 1825.

CONTRACT—ABSURDITY—WANT OF CONSIDERATION —CONTRA BONOS MORES.

1. L. and F. agreed to run a horserace, and it was stipulated that if either failed to run the race, the obligation for six cows and calves should be

---

[1] [Reported by Samuel H. Hempstead, Esq.]

in full force against the other; *held*, that this contract was absurd in its terms; that the court would not reform it according to the supposed intention of the parties, and that no action would lie upon it.

2. Where there is ambiguity in a contract, the court will search out if possible the intention of the parties, and enforce it accordingly; but a construction which would impose a liability on one party when the letter fixes it on the other, cannot be tolerated, and especially where the contract is without a valuable consideration, and immoral in its tendency.

Action of covenant.

Before JOHNSON, SCOTT, and TRIMBLE, JJ.

OPINION OF THE COURT. This was an action of covenant, brought on a penal obligation for failure on the part of Flanakin to run a horserace. The plaintiff has made profert of the obligation, and after setting out the terms of the race, states the condition, substantially as expressed in the obligation. It is also alleged that Lemmons was ready and offered to perform the condition on his part, and that Flanakin failed and refused to run the race according to the condition of the obligation. The allegation as to the failure to run the race is as follows, namely: "And it was then and there by the aforesaid parties further agreed, that should either of them fail to run agreeable to the said obligation, that the same for six cows and calves was to be in full force and virtue against the other." This allegation conforms to the condition of the obligation, and the defendant by his demurrer questions the right of the plaintiff to maintain this action. He urges that, agreeable to the literal reading of the obligation, the party who failed to comply with the condition would have the right of action against the other; in other words, that it is not in force against him who fails to run, but against him who complies with the condition. This unquestionably is the literal reading. For the plaintiff it is urged, that it was obviously a mistake in the scrivener, and that the court should disregard the words and construe the obligation according to what may be supposed to have been the intention of the parties; that is, that it should be in full force and virtue against him who failed to comply, contrary to the letter, that it "should be in full force and virtue against the other." When there is ambiguity we will search out, if possible, the true intention and meaning of the parties, and enforce the contract in conformity with that intention and meaning. 11 Coke, 34; 1 Term R. 313. But certainly we cannot adopt a construction in direct violation of the reading and letter of an obligation, nor can we say that, under certain circumstances, one party shall be liable to the penalty of an obligation when it is expressed that the other shall be. 1 Term R. 51, 52; 6 East, 518; 9 East, 101. The least that can be said of this contract is, that it is absurd in its terms, and however much the court, for the purpose of doing justice to both parties, might be disposed to rectify a mistake in a contract, entered into in good faith and for a full and valuable consideration, yet, we do not feel authorized or required to go the same length in support of one without a valuable consideration, absurd on its face, and immoral in its tendency. We think this action cannot be maintained, and therefore the demurrer must be sustained, and judgment entered for the defendant. Judgment accordingly.